JOHN ROBINSON,

*vs.*

EDWARD ROSS and SAMUEL CADE.

*Sussex, March T.* 1823.

Bill in equity by the assignee of a single bill against two prior holders and assignors, the debtor having become insolvent. *Held*, that the first assignor, who was the payee in the bill, was discharged by the neglect of his assignee to proceed against the debtor, who, at the time of the first assignment, was in good credit. *Held also*, that the second assignor was liable to the complainant, because he had neglected to collect the bill while he held it, the debtor being then solvent, and had assigned it to the complainant about the time of the debtor's insolvency.

BILL IN EQUITY.—This bill was filed against the defendants to recover the amount of a single bill or obligation, under seal, made by Cornelius Carey, bearing date the 25th of March, 1815, for the sum of $400.00, payable, with interest, on demand, to Samuel Cade, one of the defendants. Cade, on the 3d of July, 1816, assigned the bill, for value received, to the other defendant, Edward Ross, who, on the 19th of November, 1818, assigned it to the complainant, to secure him in a debt of Ross, for which the complainant was surety, and which he was afterwards obliged to pay. About the time of the assignment by Ross to Robinson, to wit, in the year 1818, Carey, the maker of the note, became insolvent and left the State. He died in May, 1819. The complainant brought an action in the Court of Common Pleas, against the administrators of Ross, and on the 24th of March, 1820, recovered a judgment for $275.25,—some payments having been made upon the single bill by Carey in his lifetime. A writ of *fieri facias* was issued upon the judgment, on which there was a return of *nulla bona*. There-

upon, this bill of complaint was filed, to recover the amount of the judgment, being the balance due on the single bill.

The complainant by his bill set forth the facts above stated, and further alleged that after the assignment to him of the said single bill he had been induced to forbear proceeding to collect the same from Carey, the maker, in his lifetime, at the request of the defendant Cade, and upon his promise that he would see the same paid at or before the time when the money should be required to indemnify the complainant in his suretyship for the defendant, Ross, for which purpose he had taken from Ross an assignment of the said bill. The bill prayed that the defendants, or one of them, should be decreed to pay to him the judgment recovered for the balance due on said single bill.

The defendant, Cade, by his answer admitted the execution of the single bill, the several assignments thereof, and the considerations for said assignments, as the same were in the bill set forth. He denied that the forbearance of the complainant to collect the said bill was at his, the defendant's, request. He further alleged that while the bill was held by Ross sundry payments had been made by Carey, which were not credited, and that, for the balance justly due upon it Carey was solvent, while the bill was held by Ross, and for sometime after it had been assigned to the complainant. That, in fact, Carey was able to pay until the time of his death, which occurred by shipwreck sometime after the month of February, 1819. This defendant insisted upon these circumstances as an equitable defence, and additionally he claimed the benefit of the Act of Limitations. The defendant, Ross, by his answer, admitted at large the facts set forth in the bill and alleged no ground of defence.

Issues were joined and depositions taken by both parties. The evidence adduced went mainly to prove the

insolvency of Cornelius Carey, by whom the single bill was made; which insolvency was shown to have commenced in the year 1818. Carey appeared to have been previously in good credit.

The cause came before the Chancellor, at the March Term, 1823, for a hearing on the bill, answers, exhibits and depositions.

*Robinson*, for the complainant.

An assignment is an implied contract to pay the debt if the debtor fails. Carey, the debtor, is proved to have been insolvent. The complainant has no remedy at law, and is therefore, entitled to relief in equity.

*Cullen*, for the defendants.

RIDGELY, CHANCELLOR.—The bill must be dismissed as to Cade. He assigned to Edward Ross the single bill of Cornelius Carey on the 3rd of July, 1816, and no proceedings were had upon it until suit was brought by John Robinson, the second assignee, after Carey's death, against his administrators in the Common Pleas to the October Term, 1819. From the 3rd of July, 1816, to November 1818, Carey was in good credit. Indeed, it appears from the testimony that his credit was very high, and that if demand had been made he could, previous to that time, have readily paid the debt. There was manifest neglect in delaying to sue Carey after the assignment to Ross, at least until November, 1818. Some attempt has been made to charge Cade, the original assignee, with a promise to John Robinson about the time Ross assigned the bill to him, which was on the 19th of November, 1818; but Cade made no such promise. He desired Robinson to give Carey notice before suing him, under a persuasion that Carey would pay the debt; but there was nothing like a

promise and none was intended. It is said that Robinson, when he got the bill, told Cade that he, Cade, was liable as assignor    Whether this was from ignorance in Robinson, or whether it was done to lead Cade to some engagement cannot be determined; but Cade made no engagement, and never assumed any responsibility.    Cade is not liable.

As to Ross, it may be said that his neglect caused the loss of the debt.    More than two years elapsed from the date of the assignment of the bill to him, during which he never demanded nor attempted to recover it from Carey. Then, about the time Carey became embarrassed, he assigned the bill to the complainant.    It does not appear that while the complainant held the bill it could have been recovered from Carey.    Under all the circumstances, it is equitable that Ross should be held liable to Robinson.

Let a decree be entered accordingly.